H. J. RAYMOND CO. v. ROBERT ROYALTY CO.

(First Division.   Juneau.   October 26, 1914.)

No. 1152–A.

1. CORPORATIONS &#9737;⇒513(1)—ACTION—PLEADING.

No corporation shall be permitted to commence or maintain any suit, action, or proceeding in Alaska without alleging and proving that it has paid its annual license fee, and an allegation in the complaint "that it has duly qualified and complied with all the laws relating to corporations in said district" does not meet the objection.

2. PLEADING &#9737;⇒193(1), 354(1)—DEMURRER OR MOTION TO STRIKE.

Where a complaint does not allege the fact that plaintiff corporation has paid its annual license fee, the objection shall be made by demurrer and not by motion to strike the complaint.

&#9737;⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PLEADING ☞367(2)—MOTION TO MAKE MORE DEFINITE AND CER-- TAIN.

Where the objection to a complaint is that its allegations "are so indefinite and uncertain that the precise nature of the charge is not apparent," the defect should be reached by motion to require the pleading to be made more certain and definite by amendment, and not by motion to strike the complaint.

4. PLEADING ☞352—MOTION TO STRIKE.

A motion to strike the complaint, because several causes of action are attempted to be stated therein, denied, and the correct practice suggested.

5. CONTRACTS ☞334—PLEADING CONSIDERATION.

Where a complaint merely alleges that plaintiff rendered defendant a bill for $1,100, and the defendant paid $300 and promised to pay the remainder, no cause of action is stated, because no consideration is alleged for the promise.

6. PLEADING ☞49—COMPLAINT—DEFINITE THEORY.

A complaint must proceed upon some definite theory, and must be good upon that theory.

Shackleford & Bayless, of Juneau, for plaintiff.
John Rustgard, of Juneau, for defendant.

JENNINGS, District Judge. The defendant files a motion in this case to strike the complaint herein on three grounds. The grounds alleged will be considered seriatim.

No 1. "Because the complaint fails to show that the plaintiff has a legal capacity to sue." Under this assignment the point is made that the plaintiff has not alleged that the plaintiff, being a corporation, has paid its annual license fee last due, as required by section 7, chapter 11, Session Laws of Alaska 1913. Plaintiff contends that the allegation in the complaint "that it has duly qualified and complied with all the laws relating to corporations in said district" meets this objection. The court does not think so, because that is a mere allegation of a conclusion. Whether or not a corporation has complied with the requirements of the law depends upon what it has done. The statute is explicit as to what the complaint shall state, and it cannot be avoided.

But, while this is true, I do not think that a motion to strike the complaint is the way in which that point should be raised. I think it should be raised by demurrer. Of course, until the complaint does allege the facts showing that he has complied

with the statute, and thus had a standing in court, the suit cannot be proceeded with.

No. 2. "Because the allegations in the complaint are so indefinite and uncertain that the precise nature of the charge is not apparent." If this be true, the proper way to reach that defect is not by a motion to strike the entire complaint, but a motion that the court require that the pleading be made certain and definite by amendment. C. L. § 908.

No. 3. "Because two or more causes of action attempted to be, or claimed to be, alleged in the complaint, are not pleaded separately."

Section 905, C. L., provides for a motion to strike out a pleading for the reason that several causes of action are not pleaded separately.

The motion is to strike the complaint, not upon the ground that several causes of action are not pleaded separately. Indeed, the motion does not admit that any cause of action at all is stated. The motion asks the court to strike the complaint because several causes of action are attempted to be stated. It characterizes the pleading as setting forth only alleged or purported causes of action. The statute does not provide for a motion to strike a complaint on any such ground. The motion must therefore be denied, on account of its peculiar wording, which wording is made necessary by the peculiarity of the complaint.

It is apparent that a new complaint will have to be filed, and in the interest of a speedy settlement of pleadings in this cause I deem it proper to make some observations on this complaint.

(a) The alleged rendition of a bill and the payment of a part, and an agreement to pay the balance, standing alone, states no cause of action.

If all there is in a complaint is that A. rendered B. a bill for $1,100, and B. paid $300 and promised to pay the remainder, no cause of action would be stated, and the remainder could not be collected, because there was no consideration for the promise. If, however, some lumber had, in fact, been bought by B. of A., for which B. promised to pay $1,100, the fact that a bill for $1,100 for the lumber was rendered and partially paid, would be evidence to show facts of the sale and the price agreed to be paid, and of the partial payment; but that is all, and a cardinal principle is that evi-

dence should not be pleaded. The allegations concerning the rendition of the bill, therefore, serve no useful purpose and should be omitted. They would be stricken out on motion.

(b) A complaint must proceed upon some definite theory, and must be good upon that theory. Pomeroy, 656. See, also, Pomeroy, 659.

Upon what theory does this complaint proceed? Is it upon the theory that, there being no sum specifically agreed upon, defendant is liable in law for the reasonable worth of the timber, goods, wares, and merchandise? If, so, it is insufficient for these reasons, to wit:

(I) The complaint alleges the plaintiff furnished timber, goods, wares, and merchandise of the reasonable value of $1,500. It does not allege that this furnishing was at the instance and request of defendant, nor that defendant bought the timber and wares. The use of the word "furnish," instead of the use of words which in law create an obligation to pay, sadly cripples this complaint. If the complaint had said that the plaintiff sold and delivered timber of the reasonable value of $1,168, and that defendant had not paid for same, a cause of action would be stated, because "sell and deliver" is a legal term; it has a well-understood meaning; it means that the other party buys. The word "furnish" has no legal significance other than its dictionary meaning. It may comprise lease, lend, give, provide with in any manner; it imparts no legal obligation on the part of the person who is "furnished" with.

If upon this theory, then the words "for which defendant agreed to pay" should be omitted, for they simply confuse matters, and might be taken to mean some special agreement not set up.

If a person sells to another without any agreement as to price (not value, but price), the law imposes an obligation on that other to pay the reasonable worth, and in such a case it is not only not necessary, but it is also improper to allege a promise to pay. In such a case there was no promise to pay. There was only an obligation created by law. Mr. Pomeroy, in his work on Code Pleading (section 540, 3d Ed.), says:

"It is very evident, from the foregoing collection of decisions, that the courts have, by an overwhelming preponderance of authority, accepted the simple requirement of the Codes, and have not destroy-

ed its plain import by borrowing the notion 'of a fictitious promise from the common-law theory of pleading. The practical rule may be considered as settled that, in all instances where the right of action is based upon a duty or obligation of the adverse party which the common law denominates an implied contract, it is no longer necessary to aver a promise, but it is enough to set out the ultimate facts from which the promise would have been inferred. This being so, we must go a step farther. If it is not necessary to make such an allegation, then it is not proper to do so, although some of the judicial opinions, from a failure to apprehend the true grounds of the rule, would seem to permit, while they do not require, the averment. A promise need not be alleged, because none was ever made. The facts constituting the cause of action are alone to be stated, and this promise is not one of those facts; it is simply a legal inference, contrived for a very technical purpose to meet the requirements of form in the ancient legal actions. The same reason which shows that the averment is unnecessary demonstrates that it is improper, that it violates a fundamental doctrine of the new theory; and if an harmonious system is ever to be constructed upon the basis of the reform legislation, this doctrine should be strictly enforced."

And so of the goods, wares, and merchandise. If the words "for which the defendant agreed to pay" were omitted, the obligation would be certain, to wit, the law would raise an obligation to pay the reasonable worth and value; but the effect of inserting those words is to render the complaint indefinite, because, for aught that appears in the complaint, the sum promised to be paid might be any amount whatsoever, however inconsequential, or however large.

(II) Does it proceed upon the theory of an express contract; that is to say, a sale at a specific price agreed to be paid? If so, it is insufficient, for there is no allegation of any promise to pay a specific sum.

The complaint only alleges that the value was agreed upon.

A. may furnish B. with a diamond ring. The worth of that ring may be $1,000. B. may agree that the value of the ring is $1,000. B. may agree to pay for the ring. But people do not always agree to pay full value for a thing, and the agreement may be to pay $50 for the ring, which would be neither the reasonable value, nor would it be the sum which B. said or agreed was the value.

Besides, if the complaint is founded upon the theory that there was an express contract to pay a specific sum, then all allegations as to the reasonableness of that sum are surplusage, are immaterial and irrelevant, and should be stricken.

(III) Does it proceed upon the theory that there was an express contract and sum agreed upon for the timber, but that the goods, wares, and merchandise were sold and delivered, and the reasonable worth and value has not been paid? If so, that would be two causes of action, and they should be separately stated.

As the complaint stands now, defendant is at sea. He might come into court prepared to prove that $1,100 was not the reasonable worth and value of the timber, only to find himself confronted by evidence that he had agreed to pay $1,100, whether it was the reasonable worth and value or not.

Defendant is entitled to know with reasonable certainty what he will have to meet. That is the object of written pleadings under the code system. If defendant is not to know this, the pleadings might as well be oral and made up at the trial.

The court does not believe that any cause of action is stated, but it does not so hold, in the sense of making that holding the law of the case, for it is possible that, if a demurrer be filed, the court might, after argument of counsel, change its opinion. In order to test the question, and to whip the pleading into satisfactory shape, I think the better course is for defendant to file a general demurrer. If, after argument, the court shall be of opinion that no cause is stated, the demurrer will, of course, be sustained, and in that event defendant cannot be prejudiced; if the court is of opinion that a cause of action is stated, it will, in the ruling, save to the defendant the right to move against the complaint, the same as if no demurrer had been filed.